UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TREMAINE DEON CARROLL, | ) | Case No. CV 16-962 SVW(JC) |
| Petitioner, | ) ) | |
| v. | ) ) ) | ORDER SUMMARILY DENYING PETITION, DISMISSING ACTION WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY |
| STATE OF CALIFORNIA, | ) ) ) | |
| Respondent, | ) ) | |
| _____ | ) | |

On January 26, 2016, petitioner signed a document entitled "Petition for Court to Order California Supreme Court to Grant Tolling and Respond on the Merits," which was formally filed on February 11, 2016 as a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears from the Petition that petitioner is not entitled to the relief he seeks from this Court. Therefore, the Petition must be dismissed.

///

///

The Petition requests that this Court order the California Supreme Court to consider the merits of petitioner's post-conviction Proposition 36-based[1] request for resentencing – a request which the California Supreme Court declined to consider based upon its procedural determination that it lacked jurisdiction.

First, this Court is without power to direct state courts or their judicial officers in the performance of their duties, and any procedural errors in a state post-conviction review proceeding are not addressable through federal habeas corpus.  See Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.) (petition alleging errors in state post-conviction review process not addressable through habeas corpus proceedings), cert. denied, 492 U.S. 1012 (1989); Demos v. United States District Court, 925 F.2d 1160, 1161-62 (9th Cir.) (federal court lacks jurisdiction to compel state court to take or refrain from action), cert. denied, 498 U.S. 1123 (1991); Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . .").  Accordingly, petitioner is not entitled to the relief he seeks – a federal court order directing the California Supreme Court to address the merits of his underlying sentencing claim.

Second, even if the Court liberally construed the Petition to challenge the underlying state court's rejection of his request for resentencing based upon Proposition 36, such a state law sentencing claim is not cognizable on federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).  It is well-settled that federal habeas relief is available only to state prisoners who are

---

[1] Proposition 36, also known as the Three Strikes Reform Act of 2012, which was enacted on November 6, 2012, and became effective the following day, modified California's Three Strikes Law, codified at California Penal Code sections 667 and 1710.12, as it applies to certain third-strike indeterminate sentences.  See Cal. Penal Code § 1170.126.

1  "in custody in violation of the Constitution or laws or treaties of the United States."
2  28 U.S.C. §§ 2241, 2254; see also Swarthout v. Cooke, 562 U.S. 216, 219 (2011)
3  (per curiam) ("'We have stated many times that federal habeas corpus relief does
4  not lie for errors of state law.'") (citation omitted); Wilson v. Corcoran, 562 U.S. 1,
5  5 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a
6  State's criminal judgment susceptible to collateral attack in the federal courts.")
7  (emphasis original).

   Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 783 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"), cert. denied, 395 U.S. 947 (1969). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992). Petitioner does not do so here.

   For the foregoing reasons, IT IS ORDERED that the Petition is denied and this action is dismissed without prejudice. Petitioner's other pending motion – for the appointment of counsel – is denied as moot.

   The Court also concludes that a certificate of appealability is unwarranted in this case, because petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not

///
///
///

disagree with the Court's determination that the Petition is not cognizable. Thus, a certificate of appealability is DENIED.

   LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 18, 2016

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE